## Christopher Gallagher *v.* William Stern, defendant, and August W. Woebken, Terre-Tenant and Intervening Defendant, Appellants.

*Appeals—Review of discretion—Refusal to open judgment—Evidence—Contracts—Alteration by parol.*

A written agreement may be altered by parol, and, where the case turns upon whether such alteration was agreed to, the appellate court will not reverse the exercise of the discretion by the court below in refusing to open judgment entered on a mortgage when the testimony of the mortgagor denying the parol alteration is contradicted by three or four witnesses, called by the plaintiff mortgagee, who support it in terms and with positiveness.

Argued Oct. 4, 1898. Appeal, No. 35, Oct. T., 1898, by terre-tenant, from order of C. P. No. 3, Phila. Co., Sept. T., 1893, No. 388, refusing to open judgment and let terre-tenant into a defense. Before RICE, P. J., REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER JJ. Affirmed.

Rule to open judgment.

It appears from the record and testimony that Stern the defendant, was the owner of premises in Philadelphia, subject to a mortgage of $3,000, held by plaintiff. He also owed plaintiff a merchandise account. Subsequently the parties entered into a written agreement stipulating that plaintiff should refrain from proceeding on his mortgage, interest of which was unpaid, on which a scire facias sur mortgage had issued. That in consideration for this Stern should turn over to plaintiff's attorney the premises, to collect the rent and apply the net proceeds to the payment of the book account, and then to the payment of the interest on the mortgage until wholly paid. Accordingly the attorney took possession of the property from October 24, 1893, to October 21, 1897, and collected $1,786.63. The interest due to July 1, 1897, was $900, and the book account amounted to $258.10. On September 6, 1897, the premises were sold under execution against Stern and purchased by August Woebken, the terre-tenant. There was evidence tending to show that at the sale and afterwards counsel for the terre-tenant notified the attorney for plaintiff that there was some dispute with Stern as to what interest was due on the mortgage, and if any interest came due to send a bill and it would be paid, as well as the principal. Plaintiff subsequently entered judgment as alleged without notice to Stern or the terre-tenant and assessed the damages, including attorney's commission of $150, and issued a levari facias thereon. There was evidence tending to show that subsequent to the written agreement, Stern and Gallagher had an oral agreement to apply the rents to the payment of subsequently incurred merchandise accounts, and not to the interest on the mortgage. This alleged oral agreement was denied by the defendant, but testimony by three witnesses sustained the oral agreement on behalf of the plaintiff.

A rule was taken to open the judgment and set aside the assessment of damages and let the terre-tenant into a defense, which was refused by the court below. Terre-tenant appealed.

*Error assigned* was in discharging the rule to show cause why judgment should not be opened and terre-tenant allowed to defend.

*John Dolman, Jr.,* and *Francis S. Laws,* for appellants.—The case comes squarely within the decisions that in order to establish a subsequent parol agreement at variance with a written one, there must be a preponderance of evidence in favor of the parol agreement: Malone v. Dougherty, 79 Pa. 46; McCauley v. Keller, 130 Pa. 53.

It is difficult to see how the court can be said to have exercised a sound legal discretion in refusing to open the judgment in this case, when not a single fact, as shown by the testimony, warrants the belief that there was any interest due at the time that the judgment was entered.

Neither the defendant Stern, nor the terre-tenant, received notice of the proposed entry of judgment, or were given an opportunity to file an affidavit of defense.

The right of the terre-tenant to intervene is well established: Heiss v. Banister, 176 Pa. 337.

In any event the question was a pure question of the credibility of the witnesses on either side, and should have been left to the jury: Davidson v. Traction Co., 4 Pa. Superior Ct. 86; Ambrust v. Kennedy, 7 Kulp, 520.

It is further submitted that the judgment should be opened because the attorney's commission charged in the assessment of damages is far in excess of what is reasonable under the circumstances: Iron Co. v. Morton, 148 Pa. 72; Franklin v. Kurtz, 3 Del. Co. Rep. 590.

*Eugene Raymond,* for appellee.—As against the unsupported denial of defendant that the plaintiff should collect the net rents until the whole of the merchandise account was paid, is the positive and direct testimony of five witnesses for the plaintiff.

A judgment will not be opened on the unsupported oath of the defendant, which is directly contradicted by other testimony: Rhine v. Swartley, 16 Atl. Rep. 846; Christie v. Steelsmith, 158 Pa. 117; Heimgartner v. Stewart, 180 Pa. 500; Crawford v. Rath, 4 Pa. Superior Ct. 612.

However curious or peculiar may be the view or experience of appellants or their counsel upon questions of compensation for legal services, surely the court will not say for them that a fee of $150 is an excessive charge for services in a proceeding covering a period of five years.

OPINION BY W. W. PORTER, J., November 14, 1898:

We are asked in this case to review the discretionary act of the court below in refusing to open a judgment entered upon a scire facias sur mortgage. The application to open is made by a terre-tenant, who took title at a sheriff's sale of the land, at which notice of his claim was given by the present plaintiff.

The mortgagee was a creditor of the mortgagor by virtue of the mortgage and for certain merchandise sold. Pending this suit on the mortgage, they entered into a written agreement, in October, 1893, by which, and by a written power, Eugene Raymond, Esq., the attorney at law of the plaintiff, was made the attorney in fact of the defendant, with authority to collect the rents of the real estate covered by the mortgage, and to apply the net proceeds thereof (after paying taxes, water rent and repairs) to the payment, first, of the merchandise account of the plaintiff, and, second, to the interest on the mortgage. Subsequently, it is alleged by the plaintiff, the written agreement was altered by parol, whereby additional merchandise credit was given by the plaintiff to the defendant on condition that the rents aforesaid should, as collected, be applied in discharge of the credit thus subsequently given, and of the interest on the mortgage. This course was followed as the evidence shows. Finally, the rents being insufficient to pay both the merchandise indebtedness and the interest on the mortgage, and the defendant having been deprived of his real estate by sheriff's sale, judgment was entered on the mortgage held by the plaintiff.

The terre-tenant attempted to disprove the supplemental agreement set up, and called the defendant (the mortgagor), who denied that he ever made it. His testimony stands alone to support the denial, whereas three or more witnesses, called by the plaintiff (who furnish a clear preponderance of evidence), support it in terms and with positiveness.

That a written agreement may be altered or supplemented by parol, cannot, as a proposition of law, be doubted: Malone v. Dougherty, 79 Pa. 46; McCauley v. Keller, 130 Pa. 53. On the facts above stated in epitome, after a careful reading of the whole of the testimony, we can find nothing upon which to hold that the court below unwisely exercised their discretion in refusing to open the judgment.

The terre-tenant further complains that the judgment includes an attorney's commission of excessive amount. In a case such as this, there is no arbitrary rule fixing the rate of compensation for the services of an attorney. The amount entered as part of the judgment was authorized by the terms of the mortgage, and was not found by the court below to be unreasonable.

There was some evidence that the counsel for the terre-tenant expressed a willingness to pay any interest due, and even the principal of the mortgage, before the judgment was entered, and that, pending the rule to open, a tender was attempted to be made. In point of fact, however, the full amount, to which the plaintiff was legally entitled, was not admitted or tendered; and the tender that was attempted, was only made after the taking of the depositions on the rule was in progress. These facts do not compel a reduction of the attorney's commission.

There is nothing in the record leading us to disturb the judgment of the court below, and it is therefore affirmed.