## Pirhalla v. Duquesne Borough, Appellant.

*Evidence—Offer of compromise—Municipalities—Sewers.*

1. An offer to compromise a disputed claim can never be used as evidence against the party who made it.

2. In an action against a borough to recover damages for the flooding of plaintiff's cellar alleged to have been caused by a defective sewer, it is reversible error for the court to admit in evidence the minute book of the borough showing that the council had directed the sewer committee to investigate the plaintiff's claim and for the court to charge that such reference to the committee was some evidence of the assumption of liability by the borough.

Argued April 14, 1911. Appeal, No. 97, April T., 1911, by defendant, from judgment of C. P. No. 4, Allegheny County, Second Term, 1908, No. 1,109, on verdict for plaintiff in case of A. J. Pirhalla v. Duquesne Borough. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Trespass to recover damages resulting from the flooding of a cellar. Before COHEN, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $208.45. Defendant appealed.

*Errors assigned* were (1, 2) in admitting as evidence the minutes of the council and the report of the committee as stated in the opinion of the Superior Court, and (3) portion of the charge quoted in the opinion of the Superior Court.

*W. M. Ewing,* for appellant.—The law seems to be well settled in this state, that an offer of compromise, made by one of the litigating parties and not accepted, is not an admission of liability, and cannot be used against the party making the offer: Searight v. Craighead, 1 P. & W. 135; Slocum v. Perkins, 3 S. & R. 295; Green & Sons v. Bauer, 15 Pa. Superior Ct. 372; Fisher v. Fidelity Mut. Life Assn., 188 Pa. 1; Collins v. Dorchester, 60 Mass. 396.

*A. C. Purdy,* of *Scott & Purdy,* for appellee.

OPINION BY ORLADY, J., July 13, 1911:

The plaintiff brought suit to recover damages for injuries sustained by reason of the flooding of his cellar with water which had backed up from a municipal sewer. On the trial he offered in evidence certain minute books of the borough, which were received under objection from the defendant, the offer being, "This has reference to the communication that was put in by Mr. Pirhalla, and as to what the answer of council was on it; for the purpose of showing that the borough admitted the claim." The minute book showed, viz.: "The claim presented being for $443.80, on motion made by Hughes and Flannagan that the sewer committee investigate the claim more thoroughly before settling the claim." This was followed by proof that the sewer committee had an interview with the plaintiff, and they had reported to council that no settlement could be made with him.

In the charge to the jury, the court stated: "I think I ought to say to you that the appointment of a committee by council to adjust this claim, if believed by the jury, is some evidence of the assumption of liability on its part, that is, on the part of the borough." The conference between the sewer committee and the plaintiff was but an ineffectual effort to adjust a dispute. It was perfectly proper to appoint a committee for the purpose indicated, but its report would be advisory only, and

would not bind the borough either as to its liability, or in regard to the amount of the claim. A municipal corporation by accepting, that is, receiving the report of a committee of inquiry, does not admit the truth of the facts stated therein, and such a report, though accepted by a vote of the corporation, is not admissible in evidence against it: 1 Dillon on Municipal Corporations, 311.

In Slocum v. Perkins, 3 S. & R. 295, Judge TILGHMAN said, in reference to a similar offer, "The defendant is not to be affected, even by an offer to compromise, unless that offer is accepted by his adversary. Such offers are not to be discouraged because they often produce peace; but if rejected by the plaintiff, the defendant is at full liberty to make his defense just as if the offer had not been made. The reason is plain. A man who is conscious that he is in the right, had better give up something than stand the hazard and expense of a lawsuit. An offer to compromise, therefore, is not evidence that the defendant thought himself in the wrong. The point has often occurred and the law is settled." And to entitle such an offer of compromise to be received in evidence, it must be shown that it was accepted, and unless so shown it is not binding on either party. It does not operate as an admission of liability, and the rights of the parties are not affected, but remain precisely as they were before the offer was made. We have abundant authority for holding that, as to an offer to compromise of a disputed claim, nothing is better settled than that such an offer, not accepted, should never be used as evidence against the party who made it.

It follows, that all testimony relating to this offer to compromise was improperly received, and that the statement of the trial judge to the jury was erroneous. The defendant borough denied all liability for the reason that the evidence failed to show any negligence on the part of the borough in the construction of the sewers, and secondly, that it failed to show that the plaintiff had any authority to connect his property with the sewage system.

If he had not connected his property with the sewer, the injury would not have occurred.

The third assignment of error is sustained, the judgment is reversed, and a venire facias de novo awarded.