## Parkinson, Appellant, v. Parkinson.

*Evidence—Cross-examination—Defense.*

A party is not permitted to present his defense in the cross-examination of the opposite party by the introduction of matter not brought out in the examination in chief.

*Evidence—Declarations—General statement of accounts.*

Declarations or admissions having reference to a general state of accounts between the parties made in an attempt to negotiate a settlement are not admissible in evidence.

*Contract—Husband and wife—Evidence.*

In an action by a wife against her husband on a promissory note, the case is for the jury and a verdict and judgment for the defendant will be sustained, where the evidence tends to show that the note was given for money loaned by the wife to her husband to make certain repairs which the husband had undertaken on a house belonging to the wife, that at the time the loan was made the parties had agreed that if by reason of a sale of the property by the wife or the existence of subsequent conditions he could no

longer remain on the premises he should not be required to repay the note, and that the husband was subsequently turned out of the premises after his wife had obtained a divorce from him.

In such a case it is immaterial that the husband may have wished to have the house repaired because of his defective eyesight. Such fact was explanatory of the contract, but had no bearing on the question of the making of the contract.

Argued April 12, 1914. Appeal, No. 72, April T., 1915, by plaintiff, from judgment of C. P. Erie Co., Feb. T., 1912, No. 492, on verdict for defendant in case of Josephine Parkinson v. R. T. Parkinson. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Issue to determine the validity of a judgment entered on a promissory note. Before WALLING, P. J.

From the record it appeared that judgment had been entered on a promissory note dated March 1, 1907, for $500, from R. T. Parkinson to his wife Josephine Parkinson. The evidence tended to show that the note had been given for money borrowed by Mr. Parkinson to complete some repairs which he had undertaken to make on a dwelling house occupied by himself and wife and owned by Mrs. Parkinson. There was evidence that at the time the loan was made the parties agreed that if Mr. Parkinson would be compelled to leave the house he would not be required to repay the loan. When Mr. Parkinson was on the stand he was asked this question:

Q. About the time that this trouble arose between yourself and your then wife, you had some conversation about a settlement of the money transactions between you, had you not?

A. Yes, sir.

Objected to.

The Court: Was that before or after the giving of this note?

Mr. Kohler. After the giving of this note some time in the spring of 1912.

The Court: That would be competent if they adjusted their matters and in fact had a settlement—if they made a binding agreement as to their property matters. But that would not be cross-examination. You might prove that as an independent fact.

Mr. Kohler: I propose to ask the witness now if at that time he did not admit that he was indebted to Mrs. Parkinson in the sum of $400 or somewhat more.

Objected to by defendant.

Mr. Kohler: This note was taken into account and I desire to ask him that question now.

The Court: We will overrule it.

An exception is sealed for plaintiff. (1)

Mrs. Parkinson was asked this question:

Q. State if at any time prior to the bringing of your suit in divorce there was an attempt at settlement between yourself and Mr. Parkinson, with reference to these items that he has testified to?

Defendant's counsel objects to any evidence of an attempt at settlement; that it is not competent to show that the parties tried to settle it should not prejudice their side of the case.

Mr. Kohler: I presume the details are not competent, but I think it is competent to show that at that time the defendant admitted there was due her a certain sum of money.

I propose to ask Mrs. Parkinson if he did not at that time, prior to the separation of the parties, admit an indebtedness to her of $400 or more.

The Court: Is that on this note in question?

Mr. Kohler: On this note in question. I propose to ask the witness whether or not Mr. Parkinson at any time just prior to the separation admitted a liability to her, and if so how much and to be followed by her testimony as to how the respective accounts, one against the other, were made up at that time; that to include these

notes and anything he had against her anything she had against him.

The Court: I understand they did not arrive at a final settlement.

A. We didn't. I said an attorney will settle the business.

The Court: My opinion is a talk of that kind with a view to a settlement is not competent evidence afterwards in case the parties fail to agree on a settlement.

A. Mr. Parkinson wanted to leave it to three men and I objected and said: "No, the attorney will settle."

The Court: It being an attempt to settle, what either party said is not afterwards admissible in evidence, as I understand the law. The objection is sustained for that reason and an exception sealed for plaintiff. (2)

The court charged in part as follows:

Mr. Parkinson, who had some property—means of his own—suggested that he would repair this house; his eyesight at that time was very bad and would appear to be still very defective and he did not know but he might become blind, and he wanted a comfortable home, he says, for the balance of his life. (3)

Defendant presented this point:

"If the jury find that at the time the note in question was given, it was agreed between the plaintiff and the defendant that the $500.00 in question, and other moneys to be advanced by the defendant, should be used in repairing the dwelling house owned by the plaintiff, and that in case the defendant should at any time be compelled to leave the said house, or in event of the said house being sold, the plaintiff agreed to pay back to the defendant all money expended by him in making repairs and improvements on said property. And if they further find that the said sum of $500.00 and other money was so expended and that afterwards the plaintiff compelled the defendant to leave the said premises and did not permit him to return thereto, and the said defendant did

leave and has not returned thereto, the verdict must be for the defendant."

Answer: That point is affirmed if you so find from the weight of all the evidence in the case.   (4)

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were (1, 2) rulings on evidence quoting the bill of exceptions; (3, 4) above instructions quoting them; (5) refusal of binding instructions for plaintiff.

*Otto Kohler,* for appellant.

*J. A. Bolard,* with him *E. L. Whittelsey,* for appellee, cited: Pirhalla v. Duquesne Boro., 47 Pa. Superior Ct. 330.

OPINION BY HENDERSON, J., October 11, 1915:

In the offer contained in the first assignment the plaintiff's counsel proposed to show on cross-examination of the defendant that he had admitted an indebtedness to the plaintiff of $400 in a conversation with reference to a settlement of the money transactions between them, this conversation having taken place after the delivery of the note out of which this action arises. The offer was rejected on the ground that the evidence was not admissible on cross-examination. The question at issue was whether at the time the defendant gave the note to the plaintiff there was a collateral agreement that the plaintiff should not be required to pay the note if for any reason he did not continue to live in the house with his wife, the borrowed money having been used by the defendant in the repair of the house. The pleadings did not admit evidence of the general state of accounts between the plaintiff and defendant. A party is not permitted to present his defense in the cross-examination of the opposite party by the introduction of matter not

brought out in the examination in chief: Malone v. Dougherty, et al., 79 Pa. 46; Denniston v. Philadelphia Co., 161 Pa. 41.

The second assignment contains an offer to prove by the plaintiff in rebuttal that there was an attempt at a settlement of accounts between her and her husband and that in the course of their conversation on this subject the defendant admitted an indebtedness to her of $400 or more. The offer proposed to show how the respective accounts, one against the other, were made up at that time and that anything the plaintiff had against her husband and anything he had against her were taken into consideration. It was conceded that no conclusion was arrived at, no compromise effected and no settlement entered into. The learned trial judge applied the law correctly in rejecting this offer because the alleged admission had reference to a general state of accounts between the parties made in an attempt to negotiate a settlement. That such declarations are not admissible is a proposition established by our authorities: Slocum v. Perkins, 3 S. & R. 295; Fisher v. Life Association, 188 Pa. 1; Pirhalla v. Duquesne Boro., 47 Pa. Superior Ct. 330.

The reference in that part of the charge set forth in the third assignment did the defendant no harm. The testimony is uncontradicted that the defendant's eyesight was poor, and the reference to that fact as a reason given by the defendant for wishing to have the house repaired had no bearing on the question of the making of the contract on which the defendant stood, but was explanatory merely.

The plaintiff admits that the defendant left the house permanently and that he did so by her direction. We do not find any error therefore in the answer to the point set forth in the fourth assignment. The house belonged to the plaintiff, it was in a state of dilapidation and it was agreed between the husband and wife that the property be repaired. This was done according to the defend-

279, (1915).]          Opinion of the Court.

ant's evidence largely at his own expense, but lacking the ready money he proposed to borrow from his wife $500 of the amount necessary to complete the repairs, which cost about $1,400 according to the evidence. That the money so borrowed was paid out on bills for the work done on the house is not denied. It was not an unreasonable arrangement that if by reason of a sale of the property by the wife, or the existence of subsequent conditions the husband could not longer remain on the premises, he should not be required to reimburse his wife for the amount of money covered by the note as she had received the consideration in the improvement of her property. He was subsequently turned out of the premises, she obtained a divorce and he was compelled to seek a home elsewhere. The jury found on competent evidence that the agreement was made as alleged, and the conditions having arisen under which the defendant was entitled to be released from his obligation the court properly instructed the jury that if they found the facts as set forth in the point the verdict should be for the defendant. It follows that the answer to the plaintiff's point asking for binding instructions covered by the fifth assignment was free from error. There was an issue of fact for the jury.

The judgment is affirmed.