# Ellis v. Metropolitan Life Insurance Company, · Appellant.

*Insurance—Life insurance—Application attached to policy—Act of May 11, 1881, P. L. 20.* ·

· In an action upon a policy of life insurance the insured may offer in evidence the policy without the copy of the application attached to the policy, where it appears from an inspection of the papers that the copy attached to the policy was not a correct copy of the original application signed by the insured.

Argued March 7, 1910. Appeal, No. 173, Jan. T., 1909, by defendant, from judgment of C. P. Northampton Co., April T., 1906, No. 40, on verdict for plaintiffs in case of Mary Ellis, Elizabeth Jones and Emily Griffith, by her next friend, J. Ruskin Jones, v. Metropolitan Life Insurance Company. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a policy of life insurance. Before SCOTT, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $1,839.25. Defendant appealed. ·

*Error assigned* was in admitting the policy in evidence.

*G. W. Geiser*, with him *F. E. Geiser*, for appellant.

*E. J. Fox*, with him *J. W. Fox* and *A. N. Ulrich*, for appellee.

PER CURIAM, May 9, 1910:

The main argument for the appellant is intended to show error at the trial in admitting in evidence the policy of life insurance on which the action was brought, without the copy of the application of the insured which was

attached to the policy when it was delivered. It appeared from an inspection of the papers that the copy attached to the policy was not a correct copy of the original application signed by the insured, because the answers to certain questions, relating to the subject-matter on which the defense was based, made by the insured in the original statement to the medical examiner were entirely omitted from the copy, or incorrectly given.

The statement made to the medical examiner was a part of the application: Morris v. State Mutual Life Assurance Co., 183 Pa. 563; Fisher v. Fidelity Mut. Life Association, 188 Pa. 1; and unless a correct copy of it was attached to the policy, it could not under the Act of May 11, 1881, P. L. 20, be considered a part of the policy or contract between the parties.

The defendant could not have put the incorrect copy in evidence, nor could he require the plaintiff to do so. The act is intended to protect the policy holder: Lenox v. Greenwich Ins. Co., 165 Pa. 575. It was passed in the interest of fair dealing, and its provisions should be strictly enforced: Pickett v. Pac. Mut. Life Ins. Co., 144 Pa. 79.

The judgment is affirmed.