# Prettyman *v.* Philanthropic Mutual Life Insurance Company, Appellant.

*Insurance—Life insurance—Attachment of application to policy— Act of May 11, 1881, P. L. 20—Proofs of loss—Health of insured at time policy was issued—Evidence.*

Under the provisions of the Act of May 11, 1881, P. L. 20, an application to a policy of insurance is not admissible in evidence unless it is attached to the policy.

In an action of assumpsit upon a life insurance policy, a certificate of the Bureau of Vital Statistics stating that the insured died of chronic myocarditis, without evidence tending to establish the symptoms of that disease, or how long the insured suffered from the disease before his death, is insufficient evidence on which to permit a jury to pass upon the issue of whether or not the insured was in good health at the time the policy was issued.

Where, in such case, the defendant did not offer the entire proofs of loss, it was not error for the Court to exclude an affidavit made by a physician who attended the insured in his last illness, in the absence of any evidence to show how it had come into the possession of the defendant. If the affidavit was a part of the proofs of loss, furnished by the plaintiff, the defendant was not at liberty to select a single item from those proofs without at the same time offering the entire proofs, for the plaintiff was entitled to the benefit of any statement in the proofs, which challenged the correctness of the statement of the attending physician.

Argued October 18, 1926. Appeal No. 198, October T., 1926, by defendant, from judgment of M. C. Philadelphia County, March T., 1925, No. 508, in the case of Dora Prettyman, vs. Philanthropic Mutual Life Insurance Company. Before, PORTER, P. J.

## 168    PRETTYMAN v. PHILANTHROPIC INS. CO.

Henderson, Trexler, Keller, Linn and Cunningham, JJ.    Affirmed.

Assumpsit on a life insurance policy.   Before Glass, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $116.64 and judgment thereon.   Defendant appealed.

*Errors assigned* were the various rulings on evidence.

*Joseph H. Shoemaker,* for appellant.

*Maurice J. Friedman,* for appellee.

Per Curiam, November 9, 1926:

This is an action of assumpsit upon a policy, issued by the defendant, upon the life of Louis Travers, in which the plaintiff is named as beneficiary.   The affidavit of defense admitted the issuance of the policy, the payment of the premiums, the death of the assured and that proofs of loss had been duly furnished, but averred that the plaintiff was not entitled to recover for the reasons, first, that the insured had in his written application for the policy made certain statements which he warranted to be true, which were in fact false and vitiated the policy, and, second, that the policy contained a covenant that no obligation was assumed by the company unless upon the date of the policy the assured was alive and in sound health, and that the assured had been in bad health for more than a year prior to the date of the policy.   It appeared upon the trial that the application was not attached to the policy and the court did not err in sustaining an objection to its being received in evidence, Act of May 11, 1881, P. L. 20.   The application having been excluded, the defendant was compelled to rest its defense on that con-

dition of the policy which provided that no obligation was assumed by the company unless at the date of the policy the insured was in sound health. The company attempted to meet this burden by offering in evidence an affidavit which had been made by the physician who attended the assured in his last illness; the court below sustained an objection to the admission of this affidavit, which ruling is assigned for error. The defendant offered this affidavit without first presenting any evidence as to the manner in which it had come into the possession of the company. If it was a part of the proofs of loss, furnished by the plaintiff, the defendant was not at liberty to select a single item from those proofs without at the same time offering the entire proofs, for the plaintiff was entitled to the benefit of any statement in the proofs, which challenged the correctness of the statement of the attending physician: Baldi v. Metropolitan Life Ins. Co., 24 Pa. Superior Ct. 287; Fisher v. Fidelity Mutual Life Asso. of Philadelphia, 188 Pa. 1; Lebanon Mutual Ins. Co. v. Kepler, 106 Pa. 28. The court did not err in refusing to receive in evidence the affidavit as it was presented. Had the defendant offered in evidence the proofs of loss, as a whole, we cannot assume that the learned judge of the court below would have fallen into the error of rejecting them. There was received in evidence without objection a certificate of the Bureau of Vital Statistics of the Department of Health of the Commonwealth, which stated that the insured had died of chronic myocarditis, but the defendant did not produce any evidence tending to establish the symptoms of that disease, nor how long the insured had probably suffered from the disease before it caused his death. There was no competent evidence from which a jury should have been permitted to find that the insured was not in good health at the time the policy was issued. The assignments of error are overruled.

The judgment is affirmed.