Fidelity Title & Trust Co. *v.* Metropolitan Life Insurance Co., Appellant.

Argued October 7, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*William H. Eckert,* with him *Leroy A. Lincoln, Harry Cole Bates* and *Smith, Buchanan, Scott & Gordon,* for appellant.—The copy of application attached to the policy satisfies the statute: Sipp v. Life Ins. Co., 293 Pa. 292; Fidelity T. & T. Co. v. Ins. Co., 213 Pa. 415.

Mr. Browarsky intended the application, of which a copy is attached to the policy, to be used as the basis for the issuance of the policy.

The plaintiffs accepted the policy, including the copy of application attached thereto, as the basis of their rights: Stipcich v. Ins. Co., 277 U. S. 311.

*Artemas C. Leslie,* with him *Harold R. Stadtfeld,* and *M. Leon Tolochko,* for appellees.—The application did

not satisfy the statute: Fisher v. Life Assn., 188 Pa.
1; McCaslin v. Life Ins. Co., 59 Pa. Superior Ct. 475;
Ellis v. Ins. Co., 228 Pa. 230.

The company is estopped by the statute and by the
provisions of its insurance policy: Pickett v. Ins. Co.,
144 Pa. 79; Imperial Fire Ins. Co. v. Dunham, 117
Pa. 460; Hebb v. Ins. Co., 138 Pa. 174; Morris v. Ins.
Co., 183 Pa. 563.

The application attached to the policy in this case is
not the basis of plaintiff's rights: Allegheny By-Prod-
uct Coke Co. v. Hillman & Sons Co., 275 Pa. 191; Hug
v. Hall, 79 Pa. Superior Ct. 392; Glassport Trust Co.
v. Feightner, 300 Pa. 317; Magen v. Neiman, 301 Pa.
164; Prenzel v. Hosiery Co., 299 Pa. 17, 19.

OPINION BY MR. JUSTICE SIMPSON, November 23, 1931:
Defendant executed and delivered to the wife and
daughter of Hyman Browarsky, a $10,000 insurance
policy on his life, which stated that each had a one-
half interest therein. The daughter was but fourteen
years of age at the time, and one of the plaintiffs is
guardian of her estate. The wife subsequently be-
came weak-minded, and the other plaintiff is guardian
of her estate. Browarsky having died, and defendant
having refused to pay the amount of the policy, the
two guardians brought the present suit. The company
defended mainly on the ground of certain false and
fraudulent representations alleged to have been made
by Browarsky in order to obtain the policy, and which
it claimed appeared in his application attached thereto.
The trial judge directed the jury to render a verdict in
favor of the daughter for one-half of the amount of
the policy; the court in banc overruled defendant's
motion for a new trial, judgment was entered on the
verdict, and this appeal by defendant followed. The
judgment must be affirmed. The action, so far as con-
cerns the widow's half-interest, is still pending.

After repeated readings of the record and a full consideration of appellant's argument, we have concluded that the facts and the law applicable thereto cannot be better or more tersely stated than as they appear in the following excerpt from the opinion of the court below, to which, however, for clarity's sake, we have made a few additions:

"The facts as adduced from defendant's witness, Horowitz, the agent who negotiated the insurance [and who was also defendant's assistant manager], were as follows:

"In October, 1926, Browarsky made a written application for a policy of $5,000, payable to his wife as beneficiary; he made the answers complained of on November 16, 1926, when examined by defendant's physician, the terms of the written application providing that such answers should form part of the application. Pursuant to such application, a policy for $5,000, payable to Mrs. Browarsky, was issued under date of November 22, 1926, and actually delivered on November 26, 1926.

"Having obtained Browarsky's application for the $5,000 policy, Horowitz, the agent, without further authority, directed defendant company to issue an additional policy for $10,000, payable to Browarsky's wife and daughter [the latter, as hereinbefore stated, being then fourteen years of age]. Subsequently he procured Browarsky's oral consent to accept the $10,000 policy, which is the one involved in the present case, but at no time, so far as the evidence shows, did Browarsky make application in writing for such later policy, nor did he agree, verbally or otherwise, that his application for the original policy or any of his statements and answers should serve as his application for the latter policy. On the contrary, Horowitz testified that defendant prepared and instructed him to have executed by Browarsky certain 'amendment forms,' authorizing the $10,000 policy to be issued in reliance

upon the written application for the $5,000 policy, but that both policies had been delivered without these forms having been exhibited to or signed by Browarsky. [They never were exhibited to or signed by him, or attached to the policy.]

"On defendant's own showing, therefore, it is clear that Browarsky made no written application for the $10,000 policy, nor authorized defendant to attach thereto a copy of the application for the earlier policy. The taking of a written application, containing the insured's version of his physical history and condition, was solely for defendant's benefit, and if it desired to use such application for purposes not authorized in the writing itself, Browarsky's consent was essential. Since defendant failed to show that such consent had been given, it follows that the application formed no part of the policy on which suit was brought.

"The copy attached to the later policy bore evidence on its face that it was not a copy of the application for that particular policy [in that it stated it was an application for the $5,000 policy, in favor of the wife only], and hence might well have been excluded from evidence (Ellis v. Metropolitan Life Insurance Co., 228 Pa. 230), but its inapplicability was put beyond controversy by the testimony of defendant's witness, and hence the jury were rightly instructed that whether Browarsky's answers were true or false was of no consequence in the suit on this $10,000 policy: Fidelity Title & Trust Co. v. Illinois Life Insurance Co., 213 Pa. 415. The testimony established that this policy was issued simply on oral application, and since it was not shown that Browarsky had made a false statement concerning any material matter at the time such oral application was made, no question of false and fraudulent statements on the part of the insured was involved."

What is quoted above answers the whole of appellant's ingenious but inapplicable argument. It may not be amiss to add, however, that its contention that

an estoppel arose because "plaintiffs accepted the policy, including the copy of application attached thereto as the basis of their rights," must necessarily fail, because: (1) It was not in fact an application for this policy, and defendant's calling it such cannot make it so; and (2) So far as appears, this minor plaintiff never saw either the policy or application, and cannot be estopped by that of which she had no knowledge.

Even if the "amendment forms," by which defendant intended to have the old application apply to this policy, had been signed by Browarsky, it would have been unavailing, since they were not attached thereto. This is squarely ruled in Fisher v. Fidelity Mutual Life Association of Phila., 188 Pa. 1, 12, where we said: "It clearly appeared in evidence that there was a supplemental application which was not attached to or indorsed on the policy......The omission of this from the policy was a failure to comply with the Act of 1881. The act requires that a copy of the entire application,—not merely a part thereof,—shall be attached. The omission of a part, which of course includes a supplementary part, operates to exclude the whole. The statute must be interpreted in the spirit in which it was enacted," that is, "to produce a uniform rule of procedure" (Hebb v. Kittaning Mutual Fire Ins. Co., 138 Pa. 174, 180), "and its provisions should be strictly enforced": Pickett v. Pacific Mutual Life Ins. Co., 144 Pa. 79, 94. The Act of 1881, above referred to, is that of May 11, 1881, P. L. 20, and appellant admits it is substantially reënacted by section 318 of the Insurance Code of May 17, 1921, P. L. 682, 701, which was in force when this insurance was effected, and therefore, he says, the "decisions construing the earlier enactment are applicable to that now in force." Indeed, the Act of 1921 is broader than that of 1881, but the differences are unimportant here.

The judgment of the court below is affirmed.