Stein *v.* N. Y. L. Ins. Co., Appellant.

Argued September 29, 1932. 

Before Trexler, P. J., Gawthrop, Baldrige, Stadtfeld and Parker, JJ. 

*Arthur G. Dickson,* and with him *Louis H. Cooke,* for appellant.

*Frank Fogel,* for appellee.

Opinion by Gawthrop, J., November 21, 1932:

This is an action on a policy of insurance dated January 16, 1930, and issued by the defendant company on the life of Kate Stein in the sum of $2,000, plaintiff, the mother of the insured, being the beneficiary. The policy, a copy of which was attached to the statement of claim, stated that the contract was "made in consideration of the application therefor and of the payment in advance of the sum of $15.34;" and that "the policy and the application therefor, a copy of which is attached hereto, constitute the entire contract." In part 1 of the copy of the application, which was attached to the policy and dated December 20,

1929, the "sum to be insured" was $4,000. This part of the application provided further: "That by receiving and accepting said policy, any additions or amendments hereto which the company may make and refer to in question 9 above entitled 'Additions or Amendments,' are hereby ratified. Under question 9 the following amendment was inserted: "Sum insured $2,000. Insurance takes effect as of the 15th day of January, 1930, instead of as requested in the application." The insured having died, and defendant having refused to pay the amount of the policy, this suit was brought. The company defended mainly on the ground of certain false and fraudulent representations alleged to have been made by the insured in order to obtain the policy and which, it is alleged, appeared in her application attached thereto. At the trial plaintiff called as a witness one Bagrow, an agent of the defendant company. He testified that on December 20, 1929, he procured from the insured a written application for a policy for $4,000, payable to plaintiff as beneficiary; that pursuant to this application a policy in the sum of $4,000 was issued by defendant; that he tendered it to the insured about the end of December, 1929, but she refused to take it, "she changed her mind, she didn't want the insurance;" that about two weeks later she agreed to take a $2,000 policy; that he then sent the $4,000 policy back to the home office and ordered instead of it a $2,000 policy which the company sent to him, and he delivered it to the insured about the 29th of January; and that she accepted it and paid the first premium. The application, a copy of which was attached to the $2,000 policy, was the application signed by the insured on December 20th. Counsel for plaintiff detached the copy of the application from the policy and was permitted to offer in evidence the policy, without the application. The overruling of defendant's objection to the admission of

the policy without the application is made the basis of appellant's first assignment of error. When the plaintiff rested defendant offered in evidence the original application, a copy of which was attached to the statement of claim. Plaintiff's objection to the offer was sustained and this ruling is made the basis of the second assignment of error. Defendant then offered to prove by a physician called to the stand that he treated the insured for about ten years for certain diseases which the insured denied in her application that she ever suffered, and that her answers in the application made to defendant's medical examiner were false and fraudulent. Plaintiff's objection to this testimony was sustained. The court directed a verdict for plaintiff for the amount of the policy, with interest. Defendant's motion for a new trial was overruled and judgment was entered on the verdict. This appeal by defendant followed.

The opinion of the court below shows that he directed a verdict for the plaintiff because the testimony established that the policy "was issued simply on an oral application and, since it was not shown that Kate Stein had made a false statement concerning any material matter at the time said application was made, no question of false or fraudulent statement on the part of the insured was involved." Manifestly the judge thought that the case before him was ruled by Fidelity Title & Trust Co. v. Metropolitan Life Ins. Co., 305 Pa. 296, for, in stating the reasons for his action, he uses the very words found in the opinion in that case.

The question on which this appeal turns is whether the court below was right in deciding as a matter of law that the evidence establishes that the policy was issued on an oral application rather than on the written application signed by the insured on December 20th. No witness testified that the insured agreed or con-

sented that her application for the original policy should be used as her application for the later policy. Nor did defendant offer or undertake to prove that fact. It is urged in behalf of appellant that when the insured agreed to take a policy for $2,000 she, inferentially at least, authorized the company to amend her application for the original policy so as to call for a policy for $2,000 and use it as her application for such a policy, and that her acceptance of the $2,000 policy with the amended application attached thereto amounted to an adoption of it by her as her application for the second policy. The contention is made that this is the effect of that part of the original application, already mentioned, providing that the acceptance of the policy by the insured should constitute a ratification by her of any amendments or additions made in the application by the company. After the fullest consideration we are unable to adopt this conclusion. While the original application did authorize the company to make thereto amendments, the character of which is not described, it did not authorize its use as an application for another policy that might be issued at a later date. The application provides that by receiving and accepting *said policy* any additions or amendments made to the application by the company are hereby ratified. This refers to the policy applied for and not a different policy issued at a later date after the one applied for has been issued and rejected or accepted. The company did not amend the application before issuing the first policy. It issued that policy as requested in the application. The insured rejected it. When that policy was rejected the application died with it, unless the insured agreed that this application should be used as her application for another policy. As already stated there is no proof that she did so. Our conclusion is that the court below was right in holding that the policy in suit was issued on an oral

application and that, therefore, the application on which the company relies was not admissible in evidence. Whether the answers of the insured in that application were true or false was irrelevant and immaterial: Fidelity Title & Trust Co. v. Illinois Life Ins. Co., 213 Pa. 415. It is well settled that a party who has declared on an insurance policy with an application attached thereto may detach the application therefrom at the trial and offer the policy alone in evidence if the copy of the application was not a correct copy of the application signed by the insured. (Ellis v. Metropolitan Life Ins. Co., 228 Pa. 230.) As the insured signed no application for the policy declared upon, plaintiff was not required to put in evidence a paper which purported to be a copy of such an application. Under the Act of May 17, 1921, P. L. 682, 701, it could not be considered a part of the policy. The case is not distinguishable on principle from Fidelity Title & Trust Co. v. Metropolitan Life Ins. Co., 305 Pa. 296, and is ruled by it.

All of the assignments of error are overruled, and the judgment is affirmed.