## Stein *v.* New York Life Insurance Co., Appellant.

Argued January 30, 1933. Before FRAZER, C. J., KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Arthur G. Dickson,* with him *Louis H. Cooke,* for appellant.

*Frank Fogel,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, April 10, 1933:

This is an action on a policy of life insurance. The trial court gave binding instructions in plaintiff's favor. On appeal to the Superior Court, it affirmed the judgment of the court of first instance. We allowed an appeal.

The policy sued upon is for $2,000. It was issued upon the life of Kate Stein. The question at issue is whether the application attached to the policy was for that policy or for another of $4,000. Both courts held that the application did not relate to the policy sued upon, that the application for it was an oral one. With this conclusion we do not agree.

The insured, on December 20, 1929, made application in writing to the insurance company for a policy of $4,000. In this application, she made certain representations which appellant alleges were false. The policy was tendered to her, but she refused to accept it and pay the premium. Subsequently she agreed to take a policy for $2,000. Such a policy was delivered to her and she paid the premiums thereon as they became due until her death. To this policy was attached a copy of the application she had signed for the $4,000 policy. It had been

changed by the company by adding to it under a heading numbered 9, "Additions or Amendments (For Home Office use only)" the words: "Sum insured $2,000. Insurance takes effect as of the 15th day of January, 1930, instead of as requested in the application." The application contained this language: "4. That by receiving and accepting said policy, any additions or amendments hereto which the company may make and refer to in question 9 above entitled 'Additions or Amendments' are hereby ratified." The policy stated that it was "made in consideration of the application therefor" and provided: "The policy and the application therefor, a copy of which is attached hereto, constitute the entire contract."

It is manifest that we have here the situation where a person applies for a policy of life insurance for a larger sum than upon reflection it is deemed wise to carry and decides upon one for a smaller amount. It is not pretended that there was anything else in the transaction than this. The two courts that have passed upon the case say in effect: The written application which the insured signed is not to be treated as made for the policy actually issued although it shows on its face the reduction in the amount of the policy. The trial court went so far as to permit the application which was attached to the policy in accordance with the provisions of the Act of May 11, 1881, P. L. 20, as amended by the Act of May 17, 1921, P. L. 682, article III, section 318, 40 P. S., section 441, to be torn from it, and the policy to be offered in evidence without the application, thus denying to defendant the defense of fraudulent concealment which it alleges is available to it and which was excluded on the trial.

We are at a loss to understand the reasoning by which this conclusion was reached. The trial court gives as its reason that the policy was issued on an oral application, which manifestly it was not, as it is shown that the policy was issued on the amended application. The Superior Court concluded that the application should not

be considered because of our decision in Fidelity Title & Trust Co. v. Metropolitan Life Ins. Co., 305 Pa. 296. That case does not rule this one. There application was made for a policy of $5,000 and the policy was issued. Thereafter, without any new application being signed, the company issued to the insured another policy for $10,000, attaching to it the application for the $5,000 policy. As the opinion shows, the insured did not agree, verbally or otherwise, that his application for the original policy or any of his statements and answers should serve as an application for the later policy. We said (page 300): "On defendant's own showing, therefore, it is clear that Browarsky made no written application for the $10,000 policy, nor authorized defendant to attach thereto a copy of the application for the earlier policy. The taking of a written application, containing the insured's version of his physical history and condition, was solely for defendant's benefit, and if it desired to use such application for purposes not authorized in the writing itself, Browarsky's consent was essential. Since defendant failed to show that such consent had been given, it follows that the application formed no part of the policy on which suit was brought." Moreover, it appeared in that case that certain amendment forms authorizing the $10,000 policy were prepared, but were not exhibited to or signed by Browarsky. This discloses a very different state of facts from that in the pending case, where the insured agreed that by receiving and accepting the policy any additions or amendments which the company should make in the application were ratified.

Plaintiff showed by the testimony of the agent of the defendant who procured the application that as amended it was for the amount which the insured finally concluded to take. She had before her at all times between receipt of the policy and her death the copy of the application made part of the contract by its terms, in which the amendment in the application was shown. By ac-

cepting the policy and paying the premium, she ratified the amendment.

The trial judge was in error in permitting the application to be torn from the policy and in allowing the latter to be offered in evidence without the application. He was also in error in overruling the offers of the defendant to show misrepresentations and false answers made by the insured. The Superior Court erred in upholding the judgment of the trial court.

The assignments of error are sustained and the judgment is reversed, with a new venire.