Dorothy TABLES, Plaintiff,

v.

METROPOLITAN LIFE INSURANCE
COMPANY, Defendant.

Civ. A. No. 61–752.

United States District Court
W. D. Pennsylvania.

March 19, 1962.

Samuel J. Goldstein, Pittsburgh, Pa., for plaintiff and moving party.

Robert Frantz, Buchannan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for defendant.

WILLSON, District Judge.

In this civil action plaintiff sued the defendant to recover the sum of $50,000, which monies are claimed as the proceeds of two insurance policies written by the defendant upon the life of one Jack Tables, plaintiff's deceased husband. The claim for $50,000 is, says plaintiff, the amount due her by reason of the death of Mr. Tables from Policy No. 23 257 527, dated March 6, 1958, in the principal sum of $20,000, but which contained a double indemnity provision in case of accidental death. In addition to the policy mentioned, defendant had issued Policy No. 17,616,626 upon the life of Mr. Tables in the principal sum of $10,000 with a double indemnity provision dated March 28, 1949. The principal amount of this policy has been paid, leaving the claim still in suit for the additional $10,000 because of the alleged accidental death. However, the instant issue arises because plaintiff has filed a motion for judgment on the pleadings covering only the principal amount of the first numbered policy, that is the sum of $20,000. On the $20,000 policy defendant has interposed as a defense that the policy was procured from it by the fraudulent misrepresentations by Jack Tables in his application for the policy; that he had never had heart disease or been hospitalized or treated by doctors or had X-rays or electrocardiograms taken when in truth he had twice been hospitalized for serious heart attacks just a few years before the application and had been under regular and frequent treatment by a heart specialist and had frequently had X-rays and electrocardiograms taken. It is this defense which plaintiff asserts cannot be made under the law of Pennsylvania. It is to be

noticed at this point, however, that the court in this opinion is not concerned with the accidental death provisions which present issues of fact and which will be, in due course, tried and determined.

At the outset it is observed that the motion raises a close question of law. I have read the decisions relied on by plaintiff, that is Ross v. Metropolitan Life Insurance Company, 403 Pa. 135, 169 A.2d 74 (1961); Syme v. Bankers National Life Insurance Company, 393 Pa. 600, 144 A.2d 845 (1958); and Fidelity Title and Trust Company v. Metropolitan Life Insurance Company, 305 Pa. 296, 157 A. 614 (1931), and a number of the decisions cited in the foregoing decisions.

Attached to the complaint is Policy No. 23 257 527 to which is attached decedent's application. This policy has been called by defendant "additional insurance", at least the application calls it that. It is noticed that this application is headed in part "To be used when ADDITIONAL INSURANCE IS applied for within 60 days from date of original medical examination", and under numbered paragraph one it is stated:

"1. The date (of Part A) of the 'original application' (as a result of which Policy No. 23221658A was issued) hereinafter referred to is 1–16–58"

That policy apparently because the application was accepted was dated back to and became effective December 23, 1957, and is in the sum of $30,000, and is in suit at Civil Action No. 61–753 because it had been assigned to Bertab, Inc. It is noticed that the application for additional insurance is dated February 18, 1958, and is signed by the decedent, Jack Tables. The application is for $20,000 worth of insurance, and on the left hand side of the application is placed the number 23 257 527. Toward the end of the application there is a paragraph which reads as follows:

"The foregoing statements and answers are true and complete. It is agreed that: 1. The statements and

answers in the application for this additional insurance together with the statements and answers (except those relating to the plan and amount of insurance applied for and to any proposed Beneficiary or Contingent Beneficiary) contained in Part A and Part B of the original application, and any amendment thereto which are hereby reaffirmed as being true, shall form the basis of the additional contract of insurance, if one be issued."

Defendant says that the medical history, Part B, under the application for the prior insurance dated January 19, 1958, is in fact part and parcel of the application for the additional insurance which is the subject of the instant motion.

Plaintiff refers to the Pennsylvania statute which is in effect and binding upon the parties in this diversity case, if applicable at all to the facts presented in the pleadings. That statute is Section 318 of The Insurance Department Act, May 17, 1921, P.L. 682 (40 P.S. § 441), which provides:

"ALL insurance policies * * * in which the application of the insured * * * form part of the policy or contract between the parties thereto, or have any bearing on said contract, shall contain, or have attached to said policies, correct copies of the application as signed by the applicant * * * and, unless so attached * * * no such application * * * shall be received in evidence in any controversy between the parties * * * nor * * * be considered a part of the policy or contract between such parties."

Plaintiff calls the court's attention to Provision 8 of the policy which reads:

"8. ENTIRE CONTRACT—This policy and the application therefor, a copy of which is attached hereto as a part hereof, constitute the entire contract between the parties, and all statements made by the Insured shall be deemed representations and not warranties, *and no statement shall*

*avoid this Policy or be used in defense of a claim hereunder unless it is contained in the application therefor and a copy of such application is attached to this Policy when issued."*

Plaintiff's position on this motion is that in view of the foregoing "Where there is no medical application attached to the policy in suit, or where an alleged medical application which was part of the transaction is attached, the insurer may not defend on the ground of any alleged misrepresentation between the applicant or alleged false answers contained in said substituted application." In short, says plaintiff, the doctrine of incorporation by reference is not permitted in life insurance applications because of the provisions of the State statute.

■ Defendant contends, on the other hand, that line No. 1 in the additional insurance application which refers to the prior insurance dated January 16, 1958, No. 23221658A, is a part of Policy No. 23 257 527 and is sufficient in compliance with the Pennsylvania statute. Generally speaking, incorporation by reference is good pleading as well as good contract making. On the other hand that may not be so in insurance contracts in view of the statute and the decisions of the Supreme Court of Pennsylvania. That court, as recently as 1958, Syme v. Bankers Nat. Life Ins. Co., 393 Pa. 600, 607, 144 A.2d 845, 849 (1958), quoted from an earlier case, Lenox v. Greenwich Ins. Co. of New York, 165 Pa. 575, 30 A. 940, to the effect that " 'The general intent was to keep these statements before the eyes of the insured, so that he might know his contract, and if it contained errors, have them rectified before it became to late.' * * * As the statute was passed in the interest of fair dealing, its provisions must be strictly complied with in all respects".

■ It seems to the court that on the present motion, an issue of fact has been raised because, defendant says, an application signed by the insured is attached to the policy even though part of it is in-

corporated by reference. If, in fact, however, the application for additional insurance which is a one page document approximately 6″ x 8½″ in size did not have attached to it at the time decedent signed it on February 18, 1958, the first application (Policy No. 23221658A), then plaintiff's position would appear to be consistent with the Supreme Court decisions and the statute and she would be entitled to judgment. If, on the other hand, both documents were before the insured at the time he executed the application for the additional insurance (the policy in suit) then it would appear that the statute has been complied with. Such is the factual issue which prevents judgment at this stage of the case.

### ORDER

AND NOW, this 19th day of March, 1962, for the reasons mentioned in the foregoing opinion, the motion of plaintiff, Dorothy Tables, for judgment on the pleadings is denied.